106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon RABAGO-LOPEZ, aka Emilio Rangel-Mendez, Defendant-Appellant.
 No. 96-50230.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 7, 1996.*
Submission Deferred Oct. 9, 1996.
Resubmitted Nov. 14, 1996.
Decided Jan. 21, 1997.
 
 Before: BRUNETTI, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Rabago-Lopez appeals his sentence imposed under the Sentencing Guidelines following his guilty plea to possession of thirty-two pounds of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and making a false statement to a federal agent in violation of 18 U.S.C. § 1001. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. 3742(a)(1) and (2).
 
 I. BACKGROUND
 
 3
 On September 15, 1995, Appellant was stopped by a California Highway Patrol Officer while driving on Interstate 8 near the California/Arizona border. Appellant presented the officer with a California identification card bearing the name "Emilio Rangel-Sanchez." The identification card stated that "Rangel-Sanchez' " date of birth was March 26, 1979. After Appellant consented to a search, a United States Border Patrol dog alerted on the vehicles' rear bumper. The subject marijuana was found.
 
 
 4
 When interrogated by Drug Enforcement Administration agents, Appellant persisted in maintaining the "Rangel-Sanchez" identity. Appellant's "Rangel-Sanchez" identity led the United States Attorney's Office to believe that he was a juvenile, and arrangements were made to have him prosecuted as such in state court. He was housed in a juvenile facility for six weeks awaiting trial. Although he maintained the identity of "Rangel-Sanchez," Appellant never denied knowledge of his illegal cargo.
 
 
 5
 Fingerprint analysis revealed Appellant's true name and that his true date of birth was November 26, 1973. As soon as this information was obtained, the prosecution of Appellant as a juvenile was discontinued and he was transferred to an adult correctional facility.
 
 
 6
 On January 24, 1996, Appellant entered into a plea agreement with the government in which he pled guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and making a false statement to a federal agent in violation of 18 U.S.C. § 1001. In the plea agreement, the parties agreed to a Base Offense Level of 16, adjusted downward by three levels for acceptance of responsibility.
 
 
 7
 At sentencing, the district court expressed its concerns with forgiving Appellant's obstruction of justice, to wit, lying and confounding the system for six weeks. On that ground, the district court applied a two-level obstruction of justice enhancement under U.S.S.G. § 3C1.1. In addition, the district court, in its discretion, applied the two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). However, the district court declined to apply the additional one-level adjustment under U.S.S.G. § 3E1.1(b) for timely notification of the government of intent to enter a guilty plea. The district court imposed a twenty-one month custodial sentence and five years' supervised release.
 
 
 8
 This case presents three issues on appeal. First, did the district court err in failing to apply an additional one-level adjustment for timely notification of intent to enter a guilty plea under U.S.S.G. § 3E1.1(b)(2). Second, did the district court err in applying the obstruction of justice enhancement under U.S.S.G. § 3C1.1. Finally, did the district court err in sentencing Appellant to a term of supervised release in excess of the statutory maximum of three years under 18 U.S.C. § 3583(b)(2).
 
 II. ANALYSIS
 
 9
 This court reviews de novo the district court's interpretation of the Sentencing Guidelines. United States v. Dayea, 32 F.3d 1377, 1379 (9th Cir.1994). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 A. Acceptance of Responsibility Adjustment
 
 10
 Appellant challenges the district court's decision to deny him the benefit of an additional one-level adjustment for filing a timely plea agreement under section 3E1.1(b)(2). Section 3E1.1(b) of the Sentencing Guidelines provides, in pertinent part, that:
 
 
 11
 (b) If the defendant qualifies for a decrease under subsection (a) ... and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 
 
 12
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 13
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
 
 
 14
 decrease the offense level by 1 additional level.
 
 
 15
 U.S.S.G. § 3E1.1(b).
 
 
 16
 At the sentencing hearing, the district court explained its reasons for denying Appellant the one-level adjustment under section 3E1.1(b). The district court based its sentence on the fact that Appellant "did not take action which minimized the Government's efforts and expense at trying to establish, in fact, who he really was and what he really was entitled to. So, he's not entitled to three points. I'm willing to give him two points."
 
 
 17
 Appellant deceived and frustrated the criminal justice system by maintaining a false identity for over six weeks. He pled guilty only after his true identity and age were discovered, months after his arrest and after his counsel had filed a number of pre-trial motions. Based upon this conduct, the district court found that Appellant did not timely notify authorities of his intention to enter a guilty plea. That finding was not clear error. We therefore affirm Appellant's sentence under section 3E1.1.
 
 B. Obstruction of Justice Enhancement
 
 18
 Section 3C1.1 of the Sentencing Guidelines states that: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1. Appellant contends that the lies concerning his name and date of birth did not significantly hinder the investigation or prosecution of his case, and that therefore the obstruction of justice enhancement is improper. Appellant lied about his name and age in order to avoid prosecution as an adult, as a result of which he was placed in a juvenile facility for six weeks. Based upon this record, the district court's findings that Appellant actually hindered the investigation and prosecution of his offense are not clearly erroneous. Also, the district court's finding that Appellant's case justified simultaneous adjustments for obstruction of justice and acceptance of responsibility is not clearly erroneous. See United States v. Hopper, 27 F.3d 378, 381 (9th Cir.1994). We therefore affirm the obstruction of justice enhancement.
 
 C. Supervised Release Term
 
 19
 Both parties agree that the five year term of supervised release to which Rabago-Lopez was sentenced exceeds the statutory maximum. We agree and find that the district court erred in sentencing Appellant to a term of supervised release in excess of the statutory maximum. United States v. Guzman-Bruno, 27 F.3d 420, 423 (9th Cir.), cert. denied, 115 S.Ct. 451 (1994). Appellant possessed less than fifty kilograms of marijuana and, therefore, 21 U.S.C. § 841(b)(1)(D) carries a maximum sentence of five years. That sentence makes Appellant's offense a Class D felony under 18 U.S.C. § 3559(a)(4). Class D felonies carry a maximum three-year term of supervised release under 18 U.S.C. § 3583(b)(2) and U.S.S.G. § 5D1.2(b)(2). We therefore vacate the sentence and remand to the district court for the purpose of setting a term of supervised release within the statutorily permitted range.
 
 
 20
 REVERSED in part and AFFIRMED in part. We vacate Appellant's sentence and remand for resentencing.
 
 
 21
 REVERSED in part; AFFIRMED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3