**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Filiberto GUZMAN–BRUNO,**
**Defendant–Appellant.**

No. 93–50376.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1994.

Decided June 21, 1994.

As Amended Sept. 23, 1994.

Angel Navarro, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Daniel P. Collins, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, FARRIS and KLEINFELD, Circuit Judges.

Opinion by Chief Judge WALLACE.

WALLACE, Chief Judge:

Guzman–Bruno entered a conditional guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326 and was sentenced to 60 months' imprisonment followed by a 5 year term of supervised release. Guzman–Bruno appeals from his sentence as well as from the district court's denial of his motion to suppress his identity as the fruit of an illegal arrest. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part and vacate and remand in part.

I

On November 20, 1992, Immigration and Naturalization Service (INS) agents were stationed in a van in Los Angeles preparing to execute a warrant for specific criminal suspects. The agents observed Guzman–Bruno, who was not named in the warrant, through binoculars. Suspicious because of his attire and the location where he was standing, the agents approached him, patted him down, and then asked him questions, including his name and where he was born. Based on his responses, the agents suspected he was in the country illegally, and took him into administrative custody in preparation for deportation. Later that day, Guzman–Bruno was interviewed at the INS office where he admitted to prior drug convictions and deportations. He was not advised of his *Miranda*

rights until November 24 when he was once again interviewed and again admitted to previous deportations.

Guzman–Bruno was subsequently indicted under 8 U.S.C. § 1326(a), (b)(1), and (b)(2), for being found in the United States after having been deported following a conviction for an aggravated felony. He moved the district court to suppress all evidence obtained as a result of his seizure on November 20, which he argued was illegal. The district court granted the motion in part and denied it in part. The court held that the seizure constituted an illegal arrest, and that all of Guzman–Bruno's statements, with the exception of the initial admission of his name, were fruits of the illegal arrest. The district court also suppressed all of the statements made during the two interviews because he was not advised of his *Miranda* rights before the first interview, and the second interview was tainted by the first. However, under the independent source doctrine, the court did not suppress records of the preexisting criminal convictions or deportations. With the fact of his identity and his prior record not suppressible, Guzman–Bruno entered a conditional plea of guilty, reserving the right to appeal the partial denial of his motion to suppress.

II

■ Guzman–Bruno argues that the district court should have suppressed all evidence of his identity learned in connection with the illegal arrest. Because the government does not contest the district court's ruling that the arrest was illegal, we assume for purposes of our analysis that it was illegal. We review de novo the denial of a motion to suppress. *United States v. Khan,* 993 F.2d 1368, 1375 (9th Cir.1993). We review the district court's factual findings for clear error. *United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992).

■ A defendant's identity need not be suppressed merely because it is discovered as the result of an illegal arrest or search. "[T]here is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity." *Hoonsilapa v. INS,* 575

F.2d 735, 738 (9th Cir.) (*Hoonsilapa*), modified by, 586 F.2d 755 (9th Cir.1978). "The 'body' or identity of a defendant . . . is never itself suppressible as a fruit of an unlawful arrest." *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984); *see also United States v. Foppe*, 993 F.2d 1444, 1449 (9th Cir.) (suppression of incidental observations by police, such as appearance, would not have deterrent effect on unlawful police activity), *cert. denied*, —— U.S. ——, 114 S.Ct. 615, 126 L.Ed.2d 579 (1993). These cases clearly foreclose Guzman–Bruno's attempt to suppress the fact of his identity.

We have applied the above rule specifically in the context of a prosecution under 8 U.S.C. § 1326, the statute which Guzman–Bruno was charged with violating. In *United States v. Orozco–Rico*, 589 F.2d 433 (9th Cir.1978), *cert. denied*, 440 U.S. 967, 99 S.Ct. 1518, 59 L.Ed.2d 783 (1979), the defendant complained that his due process rights were violated when the government deported witnesses before he could obtain their testimony to contest the legality of his arrest. We held that it did not matter whether or not his arrest was illegal, since the government would still be able to prove that he was present in the United States merely by virtue of the officer's identification of him. An illegal arrest would not serve to suppress his identity since, " 'there is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity and that merely leads to the official file or other independent evidence.' " *Id.* at 435, *quoting Hoonsilapa*, 575 F.2d at 738. Thus, the district court did not err when it held that neither Guzman–Bruno's identity nor the records of his previous convictions and deportations could be suppressed as a result of the illegal arrest.

### III

◼ Guzman–Bruno brings two separate challenges to his sentence. First, he argues that the district court should have departed downward and only sentenced him to 2 years' imprisonment for the offense of illegal reentry. Upon his deportation in 1990, Guzman–Bruno was given and asked to sign INS Form I–294 which erroneously stated that he would be subject to no more than 2 years' imprisonment if he returned illegally. In fact, as of 1988, an alien who, like Guzman–Bruno had previously committed an aggravated felony, was subject to a maximum of 15 years' imprisonment. His argument is foreclosed due to our decision in *United States v. Ullyses–Salazar*, 28 F.3d 932, —— (9th Cir. 1994).

◼ Second, Guzman–Bruno argues that the district court applied the wrong version of the Sentencing Guidelines. Normally, a defendant is sentenced under the version of the Guidelines in effect at the date of sentencing unless barred by the ex post facto clause. U.S.S.G. § 1B1.11(a), (b)(1). The ex post facto clause prohibits the retrospective imposition of punishment if it disadvantages the offender, such as when a sentencing provision has been increased between the time the offense is committed and the time of sentencing. *See Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351, 360 (1987). In such a case, the sentencing court applies the version of the Guidelines in effect at the time the crime is committed. U.S.S.G. § 1B1.11(b)(1). We review the legality of a sentence de novo. *United States v. Fine*, 975 F.2d 596, 599 (9th Cir. 1992) (en banc).

◼ Guzman–Bruno contends that his crime was committed when a more lenient version of the Guidelines was in effect, and thus use of the Guidelines in effect at the time of sentencing violates the ex post facto clause. He argues that he committed the offense of being a deported alien found in the United States in 1990 when he reentered the United States shortly after his deportation and reported to his state parole officer under an alias. He urges us to hold that he was "found" in the United States in 1990, and this is the date when his offense was committed, rather than the date in November 1992 when he was discovered by INS agents.

The district court was correct to count the date Guzman–Bruno was arrested by INS agents as the day that he committed the offense of being a deported alien found in the United States under 8 U.S.C. § 1326. A violation of 8 U.S.C. § 1326 for being found

in the United States after a prior deportation is a continuing offense which continues so long as the alien remains in the country. *See United States v. Rincon–Jimenez*, 595 F.2d 1192, 1194 (9th Cir.1979). Guzman–Bruno continued to violate the statute until 1992 when the INS arrested him. Thus, application of the more recent Sentencing Guidelines does not violate the ex post facto clause.

Guzman–Bruno argues that even though a violation of 8 U.S.C. § 1326 is a continuing offense, immigration authorities should not be allowed unlimited discretion in establishing the date on which a violation is complete for sentencing purposes. He argues that treating the offense as continuing for sentencing purposes could allow authorities to wait to prosecute until penalty provisions have been increased. He has cited no authority for the proposition that unless authorities arrest as soon as they know of the crime, the sentence is limited to what it originally would have been. The statute makes it a crime for the deportee to be "at any time found in" the United States, as well as to enter the United States, so presence at any time subsequent to the entry is a crime subject to the penalties then in effect.

Because Guzman–Bruno's crime continued until he was found by the INS, the district court properly rejected his argument that use of the Guidelines in effect at sentencing violated the ex post facto clause.

### IV

The government contends that the 5 years of supervised release time to which Guzman–Bruno was sentenced exceeds the statutory maximum and asks us to remand so that the district court can correct the error. The government is correct. Guzman–Bruno's offense under 8 U.S.C. § 1326(b)(2) carried a maximum term of imprisonment of 15 years, which is a Class C felony according to 18 U.S.C. § 3559(a)(3). A defendant convicted of a Class C felony may be sentenced to no more than 3 years of supervised release. 18 U.S.C. § 3583(b)(2). The 5 year term imposed by the district court exceeds this statutorily authorized term and constitutes plain error. We vacate this part of the sentence and remand to the district court for the limited purpose of setting a term of supervised release within the statutorily permitted range.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.