**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5630

ANTOINE HAYES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-95-65)

Submitted: June 18, 1996

Decided: July 8, 1996

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Patrick DeCon-
cini, Special Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antoine Hayes appeals his convictions of assault resulting in serious bodily injury, 18 U.S.C.A. § 113(f) (West 1969 & Supp. 1994); assault with a dangerous weapon, 18 U.S.C.A. § 113(c) (West 1969 & Supp. 1994);* and prisoner possession of a shank, 18 U.S.C.A. § 13 (West Supp. 1996), assim. Va. Code Ann.§ 53.1-203(4) (Michie 1994). Hayes also appeals the sentence imposed pursuant to the possession conviction. While we affirm the convictions, we vacate the sentence imposed for prisoner possession of a shank and remand for resentencing.

I

The evidence at trial revealed that Hayes, a Lorton Reformatory inmate, stabbed fellow inmate Clarence Lindsey in the back with a shank. The assault related to the theft of Hayes's tennis shoes. Hayes claimed self-defense. The jury convicted Hayes on all three counts of the indictment. Hayes was sentenced to seventy-two months on each count, to run concurrently with one another and consecutively to any sentence he was then serving.

II

Hayes first claims that the district court erred when it did not permit his attorney to ask Corporal McCalla, the prosecution's first witness, about Lindsey's reputation for violence. The prosecutor objected on two grounds: lack of foundation and lack of a good faith basis for the inquiry. Following a bench conference, the district court sustained the objection.

_____

*In 1994, § 113 was redesignated. Section 113(f) now is designated § 113(a)(6); § 113(c) now is § 113(a)(3).

During his testimony, Hayes testified that he feared Lindsey and had stabbed him in self-defense. The prosecutor did not object to Hayes's testimony that Lindsey had a violent reputation. During his cross-examination of Lindsey, defense counsel inquired whether Lindsey considered himself to be a violent person. The defense did not recall Corporal McCalla to testify as to Lindsey's reputation.

Absent an abuse of discretion, a district court's evidentiary rulings will not be overturned. United States v. Francisco, 35 F.3d 116, 118 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-7258). We find no abuse of discretion in this case. When Corporal McCalla was questioned about Lindsey's reputation, there had been no testimony that Hayes was in any danger from Lindsey. Hayes subsequently testified that he acted in self-defense and cross-examined Lindsey about his reputation. Further, Hayes could have recalled Corporal McCalla and inquired about Lindsey's propensity for violence. Under these circumstances, there was no error.

III

Defense counsel objected when the prosecutor, in closing, stated that Hayes had admitted to having discussed with other inmates his intention to seek revenge for the theft of his sneakers. The court overruled the objection but admonished the jury that it was their recollection of the evidence, and not what the prosecutor or defense counsel said, that controlled. Hayes contends that the prosecutor's comment was outrageous and prejudicial.

To reverse a conviction for prosecutorial misconduct, there must first be a showing of an improper remark by the prosecutor. Second, the remark must have so prejudiced the defendant's substantial rights as to have deprived him of a fair trial. United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993).

A prosecutor's remark is not improper if it is reasonably based on the testimony at trial. United States v. Chastain, ___ F.3d ___, 1996 WL 257604, at *___ (9th Cir. 1996). In the subject case, there was no misstatement of Hayes's testimony. He admitted to discussing the theft of his sneakers with fellow inmates, who asked him what he was

3

going to do about the theft. One inmate offered him a shank, which Hayes accepted. On cross-examination, Hayes admitted that he had not reported the theft to authorities and had not requested placement in protective custody. A fair reading of Hayes's testimony is that Hayes accepted the weapon because he wished to seek revenge, not, as he claimed, because he feared for his safety and wished to defend against further robberies. Because the prosecutor's remark was a reasonable interpretation of Hayes's testimony, the remark was proper.

IV

Finally, both parties agree that Hayes's sentence for prisoner possession of a shank must be vacated because it exceeds the statutory maximum for the offense. "[A] term of imprisonment imposed for an assimilated crime may not exceed the maximum term established by state law." United States v. Pierce, 75 F.3d 173, 176 (4th Cir. 1996). Under Va. Code Ann. § 53.1-203(4), assimilated by 18 U.S.C. § 13, prisoner possession of a shank is a Class 6 felony. Under Va. Code Ann. § 18.2-10(f) (Michie 1988 & Supp. 1995), the maximum punishment for a Class 6 felony is five years. Hayes received a sentence of seventy-two months for this offense.

We review this issue, which Hayes did not raise below, for plain error. See United States v. Olano, 507 U.S. 725 (1993). Imposing a sentence in excess of the statutory maximum is plain error. United States v. Guzman-Bruno, 27 F.3d 420, 423 (9th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3348 (U.S. Oct. 31, 1994) (No. 94-6135). In the subject case, the sentence imposed on the possession count was plain error. We accordingly vacate the sentence imposed on that count.

IV

We affirm Hayes's convictions. The sentence for prisoner possession of a shank is vacated, and the matter remanded for resentencing on that count. We dispense with oral argument because our review of the materials before us reveals that it would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

4