107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eleuterio SALAMANCA-ROSAS, Defendant-Appellant.
 No. 95-50292.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1997.
Decided Feb. 27, 1997.
 
 Before: PREGERSON, REINHARDT, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eleuterio Salamanca-Rosas entered a conditional plea of guilty to one count of possessing methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 168 months imprisonment. He appeals, challenging both his conviction and his sentence. We affirm Salamanca's conviction, vacate his sentence, and remand to the district court for resentencing.
 
 
 3
 In the only challenge he presents to his underlying conviction, Salamanca contends that the district court impermissibly shifted the burden of persuasion when it denied his motion to suppress evidence seized during the search of his residence. We review de novo the district court's denial of Salamanca's motion to suppress but we review for clear error the factual findings underlying that decision. United States v. Guzman-Bruno, 27 F.3d 420, 421 (9th Cir.1994).
 
 
 4
 After being questioned, Salamanca told the officers executing the search warrant for his residence where several kilograms of methamphetamine was stashed. In his motion to suppress, Salamanca contended that he was not read his rights until after he was interrogated; that he was threatened with having his wife arrested and his children placed in foster care; and that he was promised that he would not be prosecuted if he disclosed where the drugs were hidden. To defeat Salamanca's motion to suppress, the government had the burden of proving by a preponderance of the evidence that Salamanca's statements were voluntary. United States v. Jenkins, 938 F.2d 934, 937 (9th Cir.1991).
 
 
 5
 After an evidentiary hearing at which the interrogating officers were cross-examined by Salamanca's counsel, the district court orally denied Salamanca's motion to suppress. The district judge said:
 
 
 6
 The court is satisfied that Deputy Bolonas was truthful. I have no reason to dispute his word. To the extent there is a conflict with his testimony and that of the witnesses, the court expressly adopts his testimony.
 
 
 7
 I find the entry was proper, the interrogation and advisement of rights were properly handled; there is no coercion or threatening of the defendant; that the matter was handled properly by the officers; and therefore the motion to suppress is denied.
 
 
 8
 Seizing on these remarks, Salamanca argues that the district court impermissibly shifted the burden to him to demonstrate that his confession was involuntary.
 
 
 9
 We conclude that the district judge's remarks do not indicate that he thought Salamanca had the burden of showing that his statements were involuntary. Rather, he expressed a factual finding adopting the testimony of Deputy Bolonas: he said he thought that Bolonas was truthful and that his testimony was an accurate recitation of the events. Because it believed the deputy's testimony that the confession was voluntary and not coerced, the district court found that the government had met its burden. Therefore, we conclude that the district court did not err in denying Salamanca's motion to suppress. Accordingly, we affirm Salamanca's conviction.
 
 
 10
 Before sentencing, Salamanca filed several factual objections to the presentence report. The district judge failed to resolve these objections as required by Federal Rule of Criminal Procedure 32(c)(1) (formerly Rule 32(c)(3)(D)). The government concedes that a remand for resentencing is therefore necessary pursuant to United States v. Fernandez-Angulo, 897 F.2d 1514, 1516-17 (9th Cir.1990) (en banc ). Because we must remand this matter for resentencing, we will not decide whether the district court properly enhanced Salamanca's offense level under the Guidelines by two levels under U.S.S.G. § 2D1.1(b)(1).
 
 
 11
 Salamanca's conviction is AFFIRMED; his sentence is VACATED and the matter REMANDED to district court for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3