# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1142

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Charles W. Poor Thunder, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 7, 2000
Filed: June 9, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Charles W. Poor Thunder, who originally pleaded guilty to conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994), appeals the 48-month prison sentence he received upon revocation of his supervised release, arguing that imposition of this sentence was plain error. The government concurs, and advises that Poor Thunder's original offense of conviction--carrying a maximum prison term of 40 years, see 21 U.S.C. § 841(b)(1)(B) (Supp. IV 1998)--constituted a Class B felony, see 18 U.S.C. § 3559(a)(2) (1994). We agree with the parties that this case should be remanded for resentencing. See 18 U.S.C. § 3583(e)(3) (1994) (authorizing up to three years imprisonment upon revocation of supervised

release if offense that resulted in term of supervised release was class B felony); <u>cf.</u> <u>United States v. Guzman-Bruno</u>, 27 F.3d 420, 423 (9th Cir.) (vacating sentence as plain error, and remanding to district court for limited purpose of setting term of supervised release within statutorily-permitted range), <u>cert. denied</u>, 513 U.S. 975 (1994).

Accordingly, we vacate the sentence and remand for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.