**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arturo MORENO–ZAMARRON,**
**Defendant–Appellant**

No. 99–50605.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2001*.

Decided Jan. 26, 2001.

Before TROTT, THOMAS, and
BERZON, Circuit Judges.

MEMORANDUM**

Appellant Arturo Moreno–Zamarron appeals the sentence imposed after his conviction by guilty plea for illegal reentry after deportation in violation of 8 U.S.C. U.S.C. § 1326. We affirm.[2] Because the facts are familiar to the parties, we will not recount them here. Our decision in *Unit-*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. Moreno–Zamarron also contends that, contrary to this court's en banc decision in *United States v. Banuelos–Rodriguez,* 215 F.3d 969

(9th Cir.2000), a downward departure was appropriate because the United States Attorney for the Central District of California employs a harsher charging policy with respect to violations of § 1326 than other districts. Moreno–Zamarron acknowledges that *Banuelos–Rodriguez* is binding on this panel and raises the issue solely in order "to preserve it in the event certiorari is sought and granted" in *Banuelos–Rodriguez.* Thus, we do not consider it further.

*ed States v. Guzman–Bruno,* 27 F.3d 420, 422 (9th Cir.1994), is controlling here. *Guzman–Bruno* establishes that:

■ 1. A defendant is normally sentenced under the version of the Guidelines in effect at the date of sentencing. *Guzman–Bruno,* 27 F.3d at 422.

■ 2. Although the application of the most recent version of the Guidelines may be barred by the *ex post facto* clause "if it disadvantages the offender, such as when a sentencing provision has been increased between the time the offense is committed and the time of sentencing," there is no *ex post facto* violation in application of the version of the Guidelines in effect when the last element of the crime was completed. *Id.* (citation omitted).

■ 3. A violation of § 1326 is a continuing offense which continues as long as the returnee remains in the United States after reentry. *See id.* at 422–23.

Moreno does not contend that either his entry or his presence was not voluntary. Voluntary "presence at any time subsequent to the [voluntary] entry is a crime subject to the penalties then in effect ." *Guzman–Bruno,* 27 F.3d at 423; *see United States v. Quintana–Torres,* 224 F.3d 1157, 1159 (9th Cir.2000), *amended on denial of reh'g,* 235 F.3d 1197 (9th Cir.2000). Because Moreno's voluntary presence after his illegal reentry extended beyond the effective date of the 1998 Guidelines, "application of the more recent Sentencing Guidelines does not violate the *ex post facto* clause." *Guzman–Bruno,* 27 F.3d at 423.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.