UNITED STATES of America,
Plaintiff–Appellee,

v.

Teofilo SOTELO–HERRERA,
Defendant–Appellant.

No. 00–10385.

D.C. No. CR–99–00111–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted May 18, 2001 *.

Decided May 22, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM **

Teofilo Sotelo–Herrera appeals the sentence imposed on him after pleading guilty to violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ 1. Sotelo–Herrara argues that the district court erred in denying his request for a downward departure based on cultural assimilation. The record reflects that the district court acknowledged its authority to grant a downward departure but, in its discretion, declined to do so. We have no jurisdiction to review a district court's discretionary denial of a downward departure request. *United States v. Lipman*, 133 F.3d 726, 729 (9th Cir.1998).

■ 2. Sotelo–Herrara's contention that he should not be considered to have been serving a criminal justice sentence pursuant to U.S.S.G. § 4A1.1(d) is foreclosed by *United States v. Guzman–Bruno*, 27 F.3d 420, 422–23 (9th Cir.1994). Under *Guzman–Bruno*, a violation of § 1326 continues so long as the alien remains in the country. *Id.* The date on which the alien is "found in" the United States is the appropriate date for Sentencing Guidelines purposes. *United States v. Hernandez*, 189 F.3d 785, 791 (9th Cir. 1999). Sotelo–Herrera was serving another sentence when he was "found in" the United States by INS officials. Therefore, it was entirely proper for the court to add two points to Sotelo–Herrera's criminal history category pursuant to U.S.S.G. § 4A1.1(d).

■ 3. Sotelo–Herrera contends that the court should have considered ordering his sentence for violating § 1326 to run concurrently to the state sentence he was serving. This argument is precluded by U.S.S.G. § 5G1.3(a), which provides that "if the instant offense was committed while the defendant was serving a term of imprisonment ... the sentence for the instant offense *shall be* imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a) (emphasis added).

■ 4. Sotelo–Hererra's sentence was increased through the application of U.S.S.G. § 2L1.2(b)(1)(A), which directs the sentencing court to increase the offense level from a base of 8 to level 24 if the defendant has a prior conviction that qualifies as an "aggravated felony." He contends that the prior conviction used to increase his sentence needed to be alleged and then proved beyond a reasonable doubt and that failure to do so violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have already addressed and rejected this argument. *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413 (9th Cir.2000).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.