**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan Manuel CONTRERAS–ZAMORA,**
**Defendant—Appellant.**

**No. 01–10421.**
**D.C. No. CR–01–00024–SI.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided April 2, 2002.

As Amended on Denial of Rehearing
April 30, 2002.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM *

Juan Manuel Contreras–Zamora ("Contreras") was convicted of unlawful re-entry into the United States following deportation, in violation of 18 U.S.C. § 1326. He appeals the district court's denial of his motion to suppress evidence related to his identity that he alleges was obtained as the result of the unlawful entry of his

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

home by three sheriff's deputies, and his subsequent thirty-minute detention in his bedroom by the deputies. In the district court, the prosecution did not defend the legality of the deputies' warrantless entry of Contreras's residence, but contended that because the challenged evidence related to Contreras's identity, it could not, as a matter of law, be suppressed.

 Contreras seeks the suppression of two types of evidence. First, he argues that his identity itself should be suppressed. The Supreme Court has held that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1040, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). Second, Contreras argues that the statements he made to the arresting officers which led to the government's determination of his alienage should also be suppressed. This argument is likewise foreclosed by precedent. In *United States v. Guzman–Bruno*, 27 F.3d 420, 421 (9th Cir.1994), we interpreted *Lopez–Mendoza* to mean that statements by an alien that lead the authorities to discover his status as an illegal re-entrant cannot be suppressed as a matter of law. *See also Orozco–Rico*, 589 F.2d 433, 435 (9th Cir.1978) ("[T]here is no sanction to be applied when an illegal arrest only leads to discovery of the man's

identity and that merely leads to the official file or other independent evidence.").

Contreras nevertheless contends that his statements to the authorities that led them to identify him as a previously deported alien should be suppressed because they resulted from "egregious violations" of the Fourth Amendment. *Lopez–Mendoza*, 408 U.S. at 1050.[1] In the deportation context, this court has held that evidence seized through a search motivated by racial animus may be suppressed as the fruits of an "egregious violation" of the Fourth Amendment. *Orhorhage v. INS*, 38 F.3d 488, 503 (9th Cir.1994). However, even assuming that the egregious violation exception applies in criminal as well as civil cases, and that such an exception would justify the suppression of statements relating to a defendant's identity, the exception does not apply here. Accepting the facts set forth by Contreras as true, they do not support the conclusion that the deputies entered his house or detained him there because of his race or national origin. Thus, we affirm the district court's denial of his suppression motion.[2]

AFFIRMED.

---

1. The principal question in *Lopez–Mendoza* was whether the exclusionary rule applied in deportation proceedings. The Court held that it generally did not apply, but left open the possibility that in a case involving "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness," suppression might be an appropriate remedy. 468 U.S. at 1050, 104 S.Ct. 3479

2. Contreras also argues that the warrantless entry of his home constituted a "bad faith" violation of the Fourth Amendment requiring an exception to the general rule of *Guzman–Bruno*. He cites no authority for applying such an exception in criminal cases and we do not choose to do so here.