# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3813

_____

United States of America,       *
                                   *

           Appellee,          *

                              *   Appeal from the United States
        v.                *   District Court for the Western
                              *   District of Arkansas.

James Brian Wright,         *

                              *       [UNPUBLISHED]
           Appellant.       *

_____

Submitted:  May 27, 2002

Filed:  June 7, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

James Brian Wright, who originally pleaded guilty to impersonating a federal officer, appeals the sentence of 8 months imprisonment and 6 months supervised release imposed upon revocation of his original supervised release term. Mr. Wright's original offense of conviction--carrying a maximum prison term of 3 years, see 18 U.S.C. § 912--constituted a Class E felony, see 18 U.S.C. § 3559(a)(5). Thus, we conclude that the 8-month prison sentence was proper. See 18 U.S.C. § 3583(e)(3) (authorizing not more than 1 year imprisonment upon revocation of supervised release if offense that resulted in term of supervised release was other than Class A, B, C, or D felony). The 6-month supervised release sentence

was unauthorized, however, to the extent that, when combined with the 8-month prison sentence, it exceeded 1 year. See 18 U.S.C. § 3583(b)(3) (authorizing not more than 1 year supervised release for Class E felony), (h) (when supervised release is revoked and defendant is required to serve term of imprisonment that is less than maximum term of imprisonment authorized under subsection (e)(3), court may require that defendant be placed on term of supervised release after imprisonment, length of which shall not exceed term of supervised release authorized by statute for offense that resulted in original term of supervised release, less any term of imprisonment that was imposed upon revocation).

Accordingly, we vacate the sentence and remand for resentencing with instructions for the district court to reduce the supervised release term to no more than 4 months, and we affirm in all other respects. See United States v. Guzman-Bruno, 27 F.3d 420, 423 (9th Cir.) (vacating sentence and remanding to district court for limited purpose of setting term of supervised release within statutorily permitted range, because term imposed exceeded statutorily authorized term and constituted plain error), cert. denied, 513 U.S. 975 (1994). We grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-