**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Andres ARAGON–ROBLES,**
**Defendant–Appellant.**

**No. 01–30254.**
**D.C. No. CR–00–00116–DWM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2002.

Decided Aug. 16, 2002.

Before D.W. NELSON, THOMPSON and PAEZ, Circuit Judges.

MEMORANDUM*

Defendant–Appellant Luis Andres Aragon–Robles appeals from his conviction for illegal re-entry into the United States in violation of 8 U.S.C. § 1326(b)(2). Aragon contends that the district court erred when it denied his motion to suppress evidence of his identity because the police were motivated by his race when they seized and detained him.

Aragon's contention that the police seized and detained him because he is Hispanic is based, at least in part, on testimony that the police were "interested in these people because they were Hispanic," and that they asked a witness whether he "believed [Aragon–Robles and his companions] were drug-dealers or gang-bangers." Aragon argues that the information

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the police relied on to detain him—that a collision occurred in a parking lot, the individuals involved sought cash for the damage to the vehicle, may have been smoking marijuana, were acting "suspiciously," and were leaving town for Los Angeles in a few days—was insufficient to link Aragon and his companions to an ongoing federal investigation of Hispanic males trafficking methamphetamine from Washington to Great Falls, Montana.

The district court, without reaching the lawfulness of the seizure, declined to suppress evidence of Aragon's identity on the ground that such evidence can never be suppressed. We disagree with the district court's ruling that, as a matter of law, it could not suppress the evidence even if it were obtained as the result of an unlawful seizure and detention that was motivated by the defendant's race. In *Gonzalez–Rivera v. INS*, 22 F.3d 1441, 1448–52 (9th Cir.1994), we held that race-based seizures are an egregious violation of the Fourth Amendment and require application of the exclusionary rule in the context of civil deportation proceedings. *See also Orhorhaghe v. INS*, 38 F.3d 488, 501 (9th Cir. 1994). Failure to suppress such evidence implicates judicial integrity by requiring courts to ignore "the most obvious and offensive constitutional violations." *Gonzalez–Rivera*, 22 F.3d at 1451. Neither of the cases that the district court relied on involved an unlawful race-based seizure. *See United States v. Guzman–Bruno*, 27 F.3d 420 (9th Cir.1994); *United States v. Parga–Rosas*, 238 F.3d 1209 (9th Cir. 2001).

Resolution of this issue depends upon the threshold inquiry whether the seizure was, in fact, race-based. Because the district court did not reach the threshold question of whether the conduct of the police was motivated by race, we do not decide now whether the evidence should have been suppressed. Rather, we reverse and remand to the district court to determine as an initial matter whether the police seizure of Aragon was unlawfully motivated by race. *See United States v. Johnson*, 256 F.3d 895, 898 (9th Cir. 2001) (remanding for a determination of whether a shed was within the curtilage of the home, where resolution of that issue was necessary to the disposition of the Fourth Amendment hot pursuit and exigent circumstances exceptions). If the district court concludes that the seizure was an egregious violation of the Constitution because it was based on race, it may suppress the identity-related evidence. *Gonzalez–Rivera*, 22 F.3d at 1448–52; *Orhorhaghe*, 38 F.3d at 501.

REVERSED AND REMANDED.