**Imelda GARCIA–RECENDIZ, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 02–70418.

INS No. A75–105–156.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 5, 2003.*

Decided June 9, 2003.

Before LAY,** GOODWIN, and GOULD, Circuit Judges.

### MEMORANDUM***

Imelda Garcia–Recendiz appeals from a decision of the Board of Immigration Appeals (Board) finding her removable. On April 14, 1998, Garcia–Recendiz was arrested by a Border Patrol Officer. She was charged with being removable under Section 212(a)(6)(A)(i) of the Immigration & Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). Garcia–Recendiz alleged before the Board that certain evidence of her alienage had been improperly obtained by the INS as fruit of an "illegal" arrest. In response, the Board found independent evidence of her alienage and dismissed her appeal.

As part of her original removal proceeding before an Immigration Judge, Garcia–Recendiz submitted a Motion to Suppress any evidence obtained as fruit of her arrest. Included in her Motion to Suppress was her own voluntarily submitted Affidavit of Fact which stated she was born in Mexico. In response to Garcia–Recendiz's argument that evidence discovered as fruit of her arrest could not be used to determine her status, the Board turned to this Affidavit and used it as independent evidence of Garcia–Recendiz's alienage. The Board also used Garcia–Recendiz's voluntarily submitted Application for Employment Authorization, which also admitted a Mexican birthplace and citizenship. Gar-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cia–Recendiz contends that it was not proper for the Board to use this evidence to establish her birthplace and citizenship. She does not directly challenge the constitutionality of her arrest before this court.

Garcia–Recendiz argues that the Board could not rely on her voluntarily submitted Affidavit of Fact because it was part of her Motion to Suppress and her name, birthplace, and birth date were needed by the INS to identify aliens. She asserts that all INS documents require such information. Consequently, she argues this evidence cannot be used to establish her removability. She does not, however, offer any legal authority for this position. Garcia–Recendiz's only legal argument on this point relates to the exclusion of the evidence as fruit of her illegal arrest. She asserts that this court made clear in *United States v. Guzman–Bruno* that "there is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity and that merely leads to the official file or other independent evidence." 27 F.3d 420, 422 (9th Cir. 1994) (quoting *United States v. Orozco-Rico*, 589 F.2d 433, 435 (9th Cir.1978)). However, Garcia–Recendiz's reliance is misplaced. In actuality, *Guzman–Bruno* holds that no sanction will be applied against *the Government* in such a situation. It does not stand for the proposition that no sanction will be applied against an arrestee. Accordingly, even if Garcia–Recendiz's arrest was not legal, because her arrest led only to voluntarily supplied independent evidence, the exclusionary rule would not apply.

Garcia–Recendiz further asserts that the admissions in her Application for Employment Authorization cannot be used because it was made pursuant to the submission of an Application for Cancellation of Removal and evidence disclosed when requesting such discretionary relief cannot be used to sustain removability. She notes that the Immigration Judge was careful not to consider any of this information in forming his original decision. INS regulations hold that information provided in such Applications for Cancellation of Removal cannot "be held to constitute a concession of alienage or deportability in any case in which the respondent does not admit his or her alienage or deportability." 8 C.F.R. § 210.11(e) (2002). Garcia–Recendiz did not admit alienage before the Immigration Judge. Under the regulation, the information she provided in this Application cannot be used to determine her status.

However, even the exclusion of this evidence from the Board's determination does not require remand. Garcia–Recendiz's admissions in her voluntary Affidavit of Fact are enough to establish evidence of a foreign birth. This gives rise to a presumption of alienage, which then shifts the burden to Garcia–Recendiz to demonstrate the time, place, and manner of her entry into the United States. *See* 8 C.F.R. § 240.8(c) (2002); *see also Ramon–Sepulveda v. INS*, 743 F.2d 1307, 1308 n. 2 (9th Cir.1984). Considering the Board's well-supported finding that Garcia–Recendiz admitted her alienage independently of her arrest, any error by the Immigration Judge in failing to suppress the alleged fruits of that arrest was harmless. *See United States v. Salgado*, 292 F.3d 1169, 1174–75 (9th Cir.), *cert. denied*, 537 U.S. 1011, 123 S.Ct. 479, 154 L.Ed.2d 413 (2002).

PETITION DENIED.