**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santos PEREZ–REYES, Defendant–**
**Appellant.**

**No. 02–50551, 02–50598.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

Denise D. Willett, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ross E. Viselman, Esq., San Diego, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE and MCKEOWN, Circuit Judges.

MEMORANDUM **

In this consolidated appeal, Santos Perez–Reyes appeals his conditional guilty plea conviction to felony illegal entry, in violation of 8 U.S.C. § 1325; and the revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Perez–Reyes contends that the district court erred by failing to dismiss the indict-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment or suppress all evidence seized, including his identity, as a result of his unlawful arrest. Reviewing de novo, we affirm the district court. *See United States v. Guzman–Bruno,* 27 F.3d 420, 421 (9th Cir.1994) (holding that "[a] defendant's identity need not be suppressed merely because it is discovered as the result of an illegal arrest or search"). We also decline Perez–Reyes's request that we recommend that the Ninth Circuit reconsider its holding in *Guzman–Bruno* en banc. *See* Fed. R.App. P. 35 and 40; *see also United States v. Wylie,* 625 F.2d 1371, 1378 n. 10 (9th Cir.1980) (noting "that en banc hearings are disfavored and generally are only ordered when there is (1) an intracircuit conflict, or (2) a question of exceptional importance").

Perez–Reyes also contends that the district court erred by failing to dismiss the petition for revocation of his supervised release based on a lack of jurisdiction because the supervision period had elapsed, and the court's delay was not reasonably necessary. We review de novo the district court's jurisdiction. *United States v. Garrett,* 253 F.3d 443, 446 (9th Cir.2001). Because the district court extended the period only to adjudicate pending supervised release revocation issues, we conclude it did not err. *See id.* at 449.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.