**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Sergio TARIN–SOMERA, Defendant—Appellant.**

No. 03–10098.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Amy B. Krauss, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Arthur J. Hutton, Esq., Attorney at Law, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Sergio Tarin–Somera appeals his jury-trial conviction and 77–month sentence for illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to § 1326(b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. Tarin–Somera contends that the district court erred in denying his motion to suppress statements concerning his identity. We review the denial of a motion to suppress de novo, *see United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir.2002), and we affirm.

Tarin–Somera asserts that statements regarding his identity made to the arresting officer and border patrol agent should have been suppressed, because they were obtained in violation of his Fourth Amendment rights. However, this Court has previously concluded that evidence of a person's identity itself is never suppressible. *See United States v. Guzman–Bruno*, 27 F.3d 420, 421–22 (9th Cir.1994); *quoting INS v. Lopez–Mendoza*, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) ("[t]he 'body' or identity of a defendant or

respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest . . ."). Accordingly, the district court properly denied Tarin–Somera's motion to suppress.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

