**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Larry BILLINGSLEY, aka Chris Billingsley, Chris Harper, Larry Bernard Harper, Larry B. Billingsley and Anthony Jordan, Defendant—Appellant.**

No. 04–50139.

D.C. No. CR–03–00261–WMB–01.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Stephen Kramer, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jerry D. Whatley, Santa Barbara, CA, for Defendant–Appellant.

Before T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

1. All outstanding motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**206**

## MEMORANDUM**

Larry Billingsley appeals the 37–month sentence imposed following his guilty plea conviction for conspiracy, in violation of 18 U.S.C. § 371, and identity theft, in violation of 18 U.S.C. § 1028(b)(1)(D). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the sentence and remand for further proceedings.

Billingsley and the government both contend that the five years of supervised release to which Billingsley was sentenced impermissibly exceeds the statutory maximum of three years for his convictions. The parties are correct. *See* 18 U.S.C. § 3583(b)(2); *United States v. Guzman–Bruno,* 27 F.3d 420, 423 (9th Cir.1994). Accordingly, we vacate the sentence and remand for the district court to set a term of supervised release within the statutorily-permitted range. *See id.*

Because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we also remand the sentence to the district court to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 915–16 (9th Cir. 2005) (extending *Ameline's* limited remand procedure to cases involving non-constitutional *Booker* error).

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.