**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cornelius Ayodele WILLIAMS, a/k/a Jonathan Johnson; Cornelius Ayoddele Williams, Cornelius Aople Williams; Cornelius Ayodle Williams; and Cornelius A.H. Williams, Defendant—Appellant.**

United States of America,
Plaintiff—Appellee,

v.

Evva Lorene Batala, Defendant—
Appellant.

Nos. 04–50555, 04–50561.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Dec. 7, 2005.

Decided Dec. 21, 2005.

584

Becky S. Walker, Esq., Damian J. Martinez, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Brian H. Getz, Esq., San Francisco, CA, Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, Karen L. Landau, Esq., Oakland, CA, for Defendants–Appellants.

Before: PREGERSON, NOONAN, and THOMAS, Circuit Judges.

MEMORANDUM *

Defendants Evva Batala and Cornelius Williams challenge their convictions and

This disposition is not appropriate for publication and may not be cited to or by the courts

sentences arising out of a series of fraudulent credit card transactions. Batala was convicted of conspiracy to use an unauthorized access device knowingly and with intent to defraud under 18 U.S.C. § 1029(b)(2), and use of an unauthorized access device knowingly and with intent to defraud under 18 U.S.C. § 1029(a)(2). Batala was sentenced to 18 months in prison. Williams was convicted of the same two charges, plus two additional counts: structuring transactions knowingly and for the purpose of evading reporting requirements under 31 U.S.C. § 5324(a)(3), (d)(2), and knowingly and willfully making a false material statement under 18 U.S.C. § 1001. The district court imposed a 41 months prison term and three years supervised released. It also ordered Williams to pay restitution in the amount of $186,339.30.

The facts and procedural history are known to the parties and are not recited here. We have jurisdiction under 28 U.S.C. § 1292, and we hold as follows.

A. Batala's Claims

Batala argues that the prosecutor improperly referred to the defendants collectively during closing arguments, e.g., that the *defendants* used *their* business, credit card charger, and bank account to perpetrate this fraud. Because Batala did not object to the prosecutor's conduct below, we review for plain error. Plain error is found only where there is: (1) error; (2) that was clear or obvious under the law at that time; (3) that affected substantial rights; and (4) that "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

We agree that some of the prosecutor's comments were erroneous. There was no

of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence that Batala had any ownership rights in Business One or that she had any control over the bank account used in this transaction. As such, the prosecutor erred when he implied that Williams and Batala used their business and used their bank account to perpetrate this fraud. *See United States v. Blueford*, 312 F.3d 962, 968–73 (9th Cir.2002) (holding that the prosecutor erred when he encouraged the jury to draw an inference not supported by evidence).

Even so, we believe Batala has not shown that the prosecutor's statements affected her substantial rights, i.e., caused prejudice. *See United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). First, while the challenged statements may have blurred the roles of the defendants, there was significant evidence adduced during trial and during the prosecutor's closing arguments that made the respective roles of the defendants clear. Thus, it is unlikely that these isolated statements during closing arguments confused the jury as to each defendant's participation in the fraud scheme. Second, the district court instructed the jury that the arguments of the attorneys were not evidence. We have noted that such curative instructions may minimize the possibility of prejudice. *See Allen v. Woodford*, 366 F.3d 823, 842 (9th Cir.2004), *amended by* 395 F.3d 979 (9th Cir.2005). Finally, there was significant evidence supporting the conclusion that Batala had participated knowingly in this scheme—the only real issue in her case. As such, we believe Batala was not prejudiced by any error in the prosecutor's argument.

Accordingly, we affirm Batala's conviction. We remand her case for limited *Ameline* remand, because it is impossible to determine from the record whether Ba-

tala's sentence would be materially different if the district court had known that the Sentencing Guidelines were advisory. *See United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).[1]

### B. Williams' Claims

■ Williams argues that the district court's decision to apply the 2003 Guidelines Manual resulted in an ex post facto violation. We agree. The district court applied Section 1B1.11 of the Sentencing Guidelines, which instructs courts to use only one Guidelines Manual in whole, and to use the Manual in effect at the time of the "last offense conduct." U.S.S.G. § 1B1.11. Here, the conduct that led to conviction on Counts One, Two, and Three took place between December 2000 and March 2001. But the conduct leading to conviction on Count Four took place in September 2003. Under Section 1B1.11, then, the "last offense conduct" was in 2003, and the district court believed it was proper to use the 2003 Guidelines Manual.

In this Circuit, however, where literal application of Section 1B1.11 would itself result in an ex post facto violation, the district court may stray from the "one book rule" and may apply the Guidelines Manual in effect at the time each offense was committed. *See United States v. Ortland*, 109 F.3d 539, 546–47 (9th Cir.1997). Application of the 2003 Guidelines to Counts One, Two, and Three—which were each premised on conduct that occurred before March 2001—increased Williams' sentencing range from 24–30 months to 41–51 months. This is a clear ex post facto violation. *See United States v. Guzman–Bruno*, 27 F.3d 420, 422 (9th Cir. 1994) (holding that the ex post facto clause is violated where "a sentencing provision has been increased between the time the

---

1. As was pointed out during oral argument, Batala is scheduled to be released in March 2006. To the extent possible, then, we urge the district court to consider this *Ameline* remand expeditiously.

offense is committed and the time of sentencing"). Accordingly, we remand for a full resentencing and instruct the district court to conduct an advisory Guidelines calculation on Counts One, Two and Three using the 2000 Guidelines.

■ On all other questions, we affirm the district court. We believe the court properly applied the obstruction of justice enhancement to Williams' sentence pursuant to U.S.S.G. § 3C1.1. Williams was convicted of a separate count for making a false material statement under 18 U.S.C. § 1001, which is sufficient under U.S.S.G. § 3C1.1, Application Note 5(b) to warrant an obstruction of justice enhancement. *See United States v. Edwards,* 303 F.3d 606, 646 (5th Cir.2002).

■ We also hold that Williams' claims related to the so-called *"Blakely* waiver" are unavailing. Moreover, we are not convinced by Williams' ineffective assistance of counsel claim. Williams' counsel advised the court that he believed it was unnecessary to send sentencing facts to the jury and that *Blakely* did not spell the demise of the Federal Sentencing Guidelines. Counsel's conduct was not "objectively deficient." *See Strickland v. Washington,* 466 U.S. 668, 690–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). His position was eminently reasonable, and indeed was the policy of the district court at the time Williams was sentenced.[2]

Finally, the district court did not abuse its discretion in denying Williams' counsel's motion to withdraw. A district court should grant a motion to withdraw where a defendant and his attorney are "embroiled in an irreconcilable conflict" to the extent that the defendant can no longer receive the effective assistance of counsel *United*

*States v. McClendon,* 782 F.2d 785, 789 (9th Cir.1986) (internal citations and quotations omitted). But this was not the case here. The district court believed, and we here affirm, that Williams had no ineffective assistance of counsel claim, and that as such, there was no reason that counsel should be removed from the case. As there was no irreconcilable conflict between counsel and the defendant, the district court did not abuse its discretion when it denied counsel's motion to withdraw.

Based on the foregoing, we AFFIRM Batala's conviction and remand her case for limited *Ameline* remand and we REMAND Williams' case for full re-sentencing under the terms described above.

---

**2.** We note that even if it were objectively unreasonable for counsel to refuse the prosecutor's offer to prove sentencing factors to a higher burden of proof, Williams has not shown any prejudice by his counsel's actions.

Williams did not raise any serious challenge to the sentencing facts at issue, and it is likely that any finder of fact, at any burden of proof, would have reached the same conclusion.