MEMORANDUM *
Defendant-Appellant Andrew Lichtenberg appeals his jury conviction and sentence for wire fraud, three counts of money laundering, and one count of making a false statement in the application and use of a passport. Lichtenberg was acquitted on one count of mail fraud. For the reasons stated below, we affirm the wire fraud conviction, reverse the two money laundering convictions contained in Counts 3 and 4, and remand for resentencing consistent with this decision. We also affirm the money laundering conviction in Count 5 that is not challenged on appeal.
The charges against Lichtenberg arose out of a scheme to defraud a Louisiana resident, Ellen Hyman, from the proceeds of the sale of her real property in Hawaii. While representing Hyman in a real estate transaction, Lichtenberg contradicted Hyman’s express instructions and had the proceeds of the sale placed into his client trust account. Lichtenberg then, through a series of transactions, moved the money out of his client trust account to personal accounts in the United States and Indone *109 sia. These transactions formed the basis of the wire fraud and money laundering charges eventually brought against Lichtenberg.
The principle issue Lichtenberg raises in his briefs to this court is that the district court should have applied the doctrines applicable under extradition treaties used to determine whether a district court has personal jurisdiction over a defendant who has been extradited from a foreign country to this one pursuant to a valid treaty. Because there is no extradition treaty between the United States and Indonesia, and Indonesia voluntarily turned Lichtenberg over to American authorities, there is no basis to apply doctrines applicable in the context of formal extradition. There is no valid reason to question the exercise of jurisdiction over Lichtenberg. See Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 30 L.Ed. 421 (1886); United States v. Alvarez-Machain, 504 U.S. 655, 662, 112 S.Ct. 2188, 119 L.Ed.2d 441 (1992).
Lichtenberg also contests his convictions for wire fraud and money laundering. His theory is that he could not have been guilty of wire fraud because he had already stolen the money when he deposited the funds into his client trust account and therefore the “scheme to defraud” was complete before the wire transmission took place. Lichtenberg’s argument fads because his characterization of the scheme to defraud is too narrow. The wire transmission “need not be an essential element of the scheme, [but only] a ‘step in the plot’ ” to defraud the victim. United States v. Shipsey, 363 F.3d 962, 971 (9th Cir.2004) (quoting United States v. Garlick, 240 F.3d 789, 795 (9th Cir.2001)). There is evidence sufficient for a reasonable jury to find that the purpose of the scheme to defraud was to get the money from the client trust account into his personal account that he controlled in Indonesia, and the indictment charged Lichtenberg with such conduct. Therefore, the wire fraud count must be affirmed.
The money laundering counts alleged in Counts 3 and 4, however, cannot be upheld. The only specified unlawful activity that could support the money laundering charges in Counts 3 and 4 is the wire fraud charge, because Lichtenberg was acquitted of mail fraud. See 18 U.S.C. § 1957 (monetary transaction must derive from a specified unlawful activity). However, the property Lichtenberg stole was not shown to have been derived from the wire fraud. The cashier’s checks constituting the alleged laundering were obtained before the wire fraud for which Lichtenberg was convicted in Count 2. Because the acts on which Counts 3 and 4 were predicated were not shown to have occurred after the predicate wire fraud was completed, they were not proceeds of the wire fraud. See United States v. Savage, 67 F.3d 1435, 1441-42 (9th Cir.1995). We therefore reverse on the convictions on Counts 3 and 4, and remand for resentencing on the remaining counts of conviction.
On appeal, Lichtenberg argues there were several errors made during sentencing. Lichtenberg challenges the district judge’s inclusion of two criminal history points. He contends that the points were not proper because a violation of an order of protection is “similar to” a contempt of court offense, and the Sentencing Guidelines provide that such prior offenses do not warrant imposition of additional points. See U.S. Sentencing Guidelines Manual § 4A1.2(c)(l) (2003). Because Lichtenberg did not raise this issue before the district court, we leave the issue for the district court to address in the first instance on resentencing.
*110 Lichtenberg also challenges the district court’s application of the vulnerable victim enhancement imposed pursuant to the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 3A1.1(b)(1) (2003). He argues that there is nothing in the record to suggest that he decided to perpetrate the fraud specifically because Hyman was ill or because she resided in another state, and that Hyman had no unique characteristics making her more vulnerable than any other out-of-state resident. Lichtenberg is incorrect. First, the vulnerable victim enhancement does not require that the defendant target the vulnerable victim, but only that the defendant should have known that the victim was vulnerable. United States v. Miguel, 368 F.3d 1150, 1157 (9th Cir.2004) (citation omitted). Second, Hyman’s unique characteristics included her illness and attendant hospitalization during Lichtenberg’s scheme, troubled financial situation, and physical location far from the place where Lichtenberg planned to commit his scheme to defraud Hyman of her money. These characteristics, all of which Lichtenberg knew or should have known, “encourage[] criminal conduct by making it easier to commit, resulting in criminal acts that might not have taken place at all if not for the victim’s heightened vulnerability.” United States v. Wetchie, 207 F.3d 632, 634 (9th Cir.2000). Accordingly, we find that the imposition of the vulnerable victim enhancement was proper.
Lichtenberg also challenges the imposition of a four-level enhancement pursuant to Sentencing Guideline § 2L2.2(b)(3) (2007) for the use of a fraudulently obtained passport. The Presentence Investigation Report (“PSR”) determined that the 2007 edition of the Guidelines should be used to compute the appropriate Guidelines range. However, the Sentencing Guidelines in effect at the time the offense was committed did not include this four-level enhancement. See U.S. Sentencing Guideline Manual § 2L2.2 (2004). Where, as here, a sentencing provision has been increased between the time the offense is committed and the time of sentencing, applying the Sentencing Guidelines in a manner that disadvantages the offender violates the Ex Post Facto Clause. United States v. Guzman-Bruno, 27 F.3d 420, 422 (9th Cir.1994) (citing United States Sentencing Guidelines Manual § lBl.ll(a), (b)(1)). While there was no objection to the application of the 2007 Sentencing Guidelines, the application of this enhancement had no effect on Lichtenberg’s Sentencing Guidelines calculation as determined by the district court. This was because the PSR made no adjustment to the total offense level or the combined offense level for the adjusted offense level applicable to Count 6. See U.S. Sentencing Guideline Manual § 3D1.4(e) (2007) (“Disregard any Group that is 9 or more levels less serious than the Group with the highest offense level. Such Groups will not increase the applicable offense level----”). Therefore, in applying the 2007 Sentencing Guidelines, there was no plain error as it did not affect Lichtenberg’s sentence or his appeal. This particular enhancement should not be applied on resentencing, however, if doing so would violate the Ex Post Facto Clause.
Finally, Lichtenberg seeks to vacate his sentence and asks to be resentenced before a different judge because of the district judge’s involvement in obtaining restitution for the victim. The district court’s sentencing hearings actually resulted in a lower sentence than the district court would otherwise have imposed. There is no basis for vacating the entire sentence and for remanding this case for sentencing before a different judge.
*111 The judgment of conviction on Counts 3 and 4 is ordered vacated. The judgment of conviction is otherwise affirmed, and the matter is remanded for resentencing on the remaining counts in accordance with this decision.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.