**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lorenzo MARIA–GONZALEZ, Defendant–Appellant.**

No. 00–10534.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2001

Filed Oct. 10, 2001

Michael Powell, Assistant Federal Public Defender, Reno, Nevada, for the appellant.

Ronald Rachow, Assistant United States Attorney, Reno, Nevada, for the appellee.

Before: SCHROEDER, Chief Judge, LAY,* and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Lorenzo Maria–Gonzalez pleaded guilty to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326 (1994 Supp. V). The district court sentenced him to 63 months' imprisonment, followed by 24 months' supervised release. Maria–Gonzalez appeals his sentence. He argues that the district court erred in classifying his prior conviction as an aggravated felony when enhancing his sentence pursuant to 8 U.S.C. § 1326(b)(2); and under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the government was required to prove his prior conviction beyond a reasonable doubt.

We have jurisdiction pursuant to 28 U.S.C. § 1291 (1994) and 18 U.S.C. § 3742 (1994), and we affirm. For the reasons set forth below, we remand to the district court solely for the ministerial purpose of correcting the judgment of conviction to strike a reference to 8 U.S.C. § 1326(b)(2).

**I.**

In 1992, Maria–Gonzalez, a citizen of Mexico, was convicted in California state

---

* Honorable Donald Lay, Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.

court of receiving stolen property and sentenced to two years' imprisonment. After being paroled in 1993, he was deported.

Some time after his deportation, Maria–Gonzalez returned to the United States.[1] On March 8, 2000, he was indicted on a single count of violating 8 U.S.C. §§ 1326(a) and (b)(2). In the indictment, the government alleged that he had been found in the United States in February 1999. Maria–Gonzalez pleaded guilty on July 17, 2000. In doing so, he neither admitted nor contested the fact that he had a prior aggravated felony conviction. The district court advised him of the potential sentence enhancements that accompanied a finding of a prior felony or aggravated felony conviction.

At the time Maria–Gonzalez was deported in 1993, his conviction for receipt of stolen property was not classified as an aggravated felony. 8 U.S.C. § 1101(a)(43)(G) (1994) (defining aggravated felony as theft or burglary convictions for which a term of imprisonment of at least five years is imposed). In 1996, as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), the section defining the term "aggravated felony" was expanded to include receipt of stolen property, the crime for which Maria–Gonzalez had been convicted. 8 U.S.C. § 1101(a)(43)(G) (1994 Supp. V) (defining aggravated felony to include all convictions for theft or burglary, including receipt of stolen property, for which a term of imprisonment of at least one year is imposed).

Before sentencing, a United States probation officer prepared a Presentence Investigative Report (PIR). In the PIR, the probation officer classified Maria–Gonza-lez's 1992 conviction for receipt of stolen property as an aggravated felony. Because of that classification, the probation officer recommended a 16–level enhancement pursuant to Sentencing Guidelines § 2L1.2(b)(1)(A) (1999). In a pre-sentencing memorandum, Maria–Gonzalez challenged this recommendation. He argued that, because his 1992 conviction was not classified as an aggravated felony at the time of his 1993 deportation, the recommended sentence enhancement was improper. He also argued that in order to apply the 16–level enhancement, the government was required to prove his prior conviction beyond a reasonable doubt. On October 31, 2000, the district court adopted the recommendation of the probation officer, applied the 16–level enhancement and imposed the sentence Maria–Gonzalez challenges in this appeal.

## II.

We review de novo whether the aggravated felony provisions of the Sentencing Guidelines apply to a conviction. *United States v. Ceron–Sanchez*, 222 F.3d 1169, 1172 (9th Cir.2000). We also review de novo the district court's interpretation of the Sentencing Guidelines, *United States v. Robinson*, 94 F.3d 1325, 1327 (9th Cir.1996), and its interpretation of the constitutional rule expressed in *Apprendi*. *United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001).

## III.

Aliens who return to the United States after deportation without the permission of the Attorney General are subject to two years' imprisonment. 8 U.S.C. § 1326(a).

1. There is some question as to when Maria–Gonzalez re-entered the United States. In his plea, Maria–Gonzalez stated that he had returned to the United States in 1997. However-er, employment records indicate that Maria–Gonzalez returned prior to September 1993. It is not clear from the record whether he subsequently left and returned.

This statutory base sentence is increased to a maximum of twenty years for aliens whose prior deportation was "subsequent to a conviction for commission of an aggravated felony." *Id.* § 1326(b)(2). The Sentencing Guidelines provide that if a "defendant previously was deported after a criminal conviction . . . [and] if the conviction was for an aggravated felony, increase by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A). The issue here is one of timing. Maria–Gonzalez contends that his prior conviction must have been classified as an aggravated felony at the time of his deportation, while the government argues that the classification is appropriately made at the time of his reentry violation—in this case, at the time Maria–Gonzalez was "found in" the United States.

In support of its argument, the government relies upon *United States v. Ramirez–Valencia,* 202 F.3d 1106 (9th Cir. 1999). There, the defendant was convicted in 1986 of a crime that was not, at that time, classified as an aggravated felony. The defendant was deported in 1988 and re-entered illegally in 1994. In 1996, the defendant's 1986 crime was classified by IIRIRA as an aggravated felony. In 1998, he pleaded guilty to being a previously deported alien found in the United States in violation of 8 U.S.C. § 1326(a). The district court determined that his prior conviction was an aggravated felony and applied the 16–level enhancement. We affirmed. *Ramirez–Valencia,* 202 F.3d at 1110.

The government contends *Ramirez–Valencia* controls the outcome of this case. In this case, however, the legal issue is different. In *Ramirez–Valencia,* the defendant argued that section 1326(b) did not apply to him because he had re-entered the United States before IIRIRA's enactment. *Id.* We held that because "the crime of being found in the United States after deportation is a continuing offense, which continues 'so long as the alien remains in this country,'" the offense of being found in the United States occurs on the date the defendant is apprehended. *Id.* (quoting *United States v. Guzman–Bruno,* 27 F.3d 420, 423 (9th Cir.1994)). Therefore, the fact that Ramirez–Valencia reentered the United States before IIRIRA was enacted was irrelevant; his violation occurred in 1998, after IIRIRA's effective date.[2] *Id.*

▮ Here, Maria–Gonzalez argues that the plain language of section 1326(b)(2) requires that his conviction must have been classified as an aggravated felony at the time of his 1993 deportation. Because this plain-language argument was not before us in *Ramirez–Valencia,* we did not construe the meaning of section 1326(b)(2). We do so now.

▮ The language of a statute is controlling when the meaning is plain and unambiguous. *See Aragon–Ayon v. I.N.S.,* 206 F.3d 847, 851 (9th Cir.2000). To determine whether the language of a statute is plain and unambiguous, we consider that language as well as the "context and design of the statute as a whole." *Ram v. I.N.S.,* 243 F.3d 510, 515 (9th Cir.2001) (quoting *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)). If the statute is unclear, we look to legislative history. *See Ram,* 243 F.3d at 515.

---

**2.** We went on to hold that, for the same reasons, Ramirez–Valencia's ex post facto argument failed. *Ramirez–Valencia,* 202 F.3d at 1110. In his opening brief, Maria–Gonzalez argues that application of section 1326(b)(2) to his case violates ex post facto proscriptions. However, in his reply brief, he concedes that *Ramirez–Valencia* forecloses this argument.

Section 1326(b)(2) provides that a sentence is enhanced when deportation is "*subsequent to* conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2) (emphasis added). Maria–Gonzalez argues that because section 1326(b)(2) refers to a deportation that was "subsequent to" conviction of an aggravated felony, the aggravated felony must have been classified as such at the time of the deportation.

In analyzing Maria–Gonzalez's argument, we begin by considering the "context and design of the statute as a whole." *See Ram,* 243 F.3d at 515. Section 321(b) of IIRIRA provides that the 1996 expanded definition of aggravated felony applies with respect to convictions entered before, on or after the statute's enactment. 110 Stat. 3009–627. Maria–Gonzalez's 1992 conviction for receipt of stolen property, although not an aggravated felony when he was deported in 1993, was classified as an aggravated felony when Congress enacted IIRIRA in 1996. IIRIRA's classification of an offense as an aggravated felony applies retroactively. *See I.N.S. v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 2289, 150 L.Ed.2d 347 (2001). Thus, consistent with IIRIRA section 312(b), when the district court sentenced Maria–Gonzalez for his 1999 offense of being "found in" the United States, the court determined that his 1992 conviction for the receipt of stolen property was an aggravated felony.

In addition to IIRIRA section 321(b), section 321(c) provides that IIRIRA's 1996 expanded definition of aggravated felony "shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred, and shall apply under section 276(b) [8 U.S.C. § 1326(b)] of the Immigration and Nationality Act only to violations of section 276(a) [8 U.S.C. § 1326(a)] occurring on or after such date."

Maria–Gonzalez argues that the term "actions taken" in IIRIRA section 321(c) is limited to INS actions and that the last such action taken against him was his 1993 deportation. He contends that the amended definition cannot apply to his 1992 conviction for receiving stolen property, because his 1993 deportation preceded IIRIRA. We disagree. The specific reference to sections 1326(a) and (b) in the second clause of section 321(c) indicates that Congress intended that the first clause apply to instances *other* than violations of section 1326(a). In addition, we have stated that "the tenor of the effective date [contained in § 321(c)] is to make the aggravated felony amendments applicable to anything done by the Attorney General after the effective date (without regard to when the conviction occurred) *except for what is done solely on account of the alien's reentering the country.*" *Valderrama–Fonseca v. I.N.S.,* 116 F.3d 853, 856–57 (9th Cir.1997) (emphasis added). Thus, with regard to a reentry violation (here, the violation under 8 U.S.C. § 1326(a) of being found in the United States), we look to whether that violation occurred after IIRIRA's effective date. *See id.* In this case, it did. Therefore, IIRIRA's expanded definition of aggravated felony applies.

The legislative history of IIRIRA confirms this interpretation. The House Conference Report regarding IIRIRA states that "an alien whose deportation followed a conviction for a crime or crimes, none of which met the definition of aggravated felony under INA section 101(a)(43) [8 U.S.C. § 1101(a)(43)] prior to the enactment of this bill, but *at least one of which did meet the definition after* such enactment, may only be prosecuted under INA section 276(b) [8 U.S.C. § 1326(b)] [sic] for an illegal entry that occurs on or after the date of enactment of this bill." H.R. Conf.

Rep. No. 104–828 104th Cong., 2nd Sess. 1996 (*available at* 1996 WL 563320 at pg. 495) (emphasis added). ·Maria–Gonzalez's illegal reentry violation occurred in 1999, and therefore the amended definition of aggravated felony, according to the legislative history, applies to his offense for purposes of enhancement under section 1326(b)(2).

▌ This interpretation is also supported by the Sentencing Guidelines. The base offense level and enhancements for a reentry violation are set forth in Guidelines section 2L1.2. The 16–level enhancement required by section 2L1.2(b)(1)(A) applies when the "defendant previously was deported after a criminal conviction [that] *was* for an aggravated felony" (emphasis added). Despite the use of the past tense ("was"), Application Note 1 provides: "Aggravated felony is defined at 8 U.S.C. § 1101(a)(43) without regard to the date of conviction of the aggravated felony." Section 1101(a)(43) contains the 1996 expanded definition of aggravated felony. It is thus clear under the Guidelines that it is the classification of a prior conviction as an aggravated felony at the time of the reentry violation that triggers the 16–level sentencing enhancement.[3]

## IV.

Maria–Gonzalez argues *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) requires that the government prove the existence of his prior conviction beyond a reasonable doubt. It does not.

▌ In *Almendarez–Torres,* the Supreme Court held that 8 U.S.C. § 1326(b)(2) "simply authorizes a court to increase the sentence for a recidivist … [and] does not define a separate crime." *Almendarez–Torres v. United States,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Thus, a prior conviction is merely a sentencing factor and not an element of the offense. *Id.* In *Apprendi,* the Supreme Court held that any fact, *other than a prior conviction,* that increases the penalty for a crime beyond the statutory maximum must be proved beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. The Court did not overrule *Almendarez–Torres.* The Court stated, however, that "it was arguable that *Almendarez–Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested." *Id.* Maria–Gonzalez points to this language and argues that because he "contests the recidivist issue," his prior conviction must be proved beyond a reasonable doubt.

▌ The *Apprendi* issue Maria–Gonzalez raises has been resolved by recent decisions of this court. The same argument he makes was made in *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001). There, the defendant challenged the use of prior aggravated felonies to enhance his base offense level, relying on the same language of *Apprendi* that Maria–Gonzalez relies upon. We held that notwithstanding this language from *Apprendi,* the Court had not overruled *Almendarez–Torres,* and " '[under] *Almendarez–Torres,* the government [is] not required to include [a defendant's] prior aggravated felony convictions in the in-

---

**3.** Maria–Gonzalez's reliance on *United States v. Luna–Diaz,* 222 F.3d 1, 3 (1st Cir.2000), and *United States v. Cisneros–Cabrera,* 110 F.3d 746, 748 (10th Cir.1997) is misplaced. In both of those cases the issue involved whether a vacated aggravated felony convic-

tion could be used to enhance a sentence for a reentry offense. The question was whether the convictions remained in existence at the necessary time, not whether the convictions were properly classified as aggravated felonies.

dictment, submit them to a jury, or prove them beyond a reasonable doubt.'" *Arellano–Rivera,* 244 F.3d at 1127 (quoting *United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2000), *as amended* (Feb. 8.2001)). *See also United States v. Castillo–Rivera,* 244 F.3d 1020, 1024–25 (9th Cir.2001). Maria–Gonzalez's *Apprendi* argument fails.

## V.

■ The judgment of conviction entered by the district court included convictions for violations of both 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2). Section 1326(b)(2), however, does not define an offense; it is a sentence enhancing factor. *Almendarez–Torres,* 523 U.S. at 226, 118 S.Ct. 1219; *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413 (9th Cir.2000). In order to reflect unambiguously that Maria–Gonzalez's conviction is only for a violation of section 1326(a), the reference to section 1326(b)(2) should be stricken from the judgment. *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000).[4] The proper procedure for correcting this error is to remand the case to the district court and direct that court to amend the judgment to reflect a conviction only of 8 U.S.C. § 1326(a). *Rivera–Sanchez,* 222 F.3d at 1062. Accordingly, we affirm Maria–Gonzalez's sentence, but remand this case to the district court for that court to correct the judgment of conviction by deleting from it the reference to 8 U.S.C. § 1326(b)(2).

---

4. After this appeal was filed, the district court became aware of *Rivera–Sanchez.* In an attempt to comply with the holding of that case, the district court held a hearing. Both parties stipulated that the court could amend the judgment of conviction by deleting the reference to 8 U.S.C. § 1326(b)(2) and the court did so. However, because this appeal had

Sentence AFFIRMED; case REMANDED.

already been filed, the district court was without jurisdiction to amend the judgment. *See United States v. Gatto,* 763 F.2d 1040, 1049 (9th Cir.1985).

