**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eduardo ROMAN–GUTIERREZ, aka Eduardo Guzman–Gutierrez, Defendant—Appellant.**

**No. 01–10618.**

**D.C. No. CR–01–00081–HDM.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM [**]

Eduardo Roman–Gutierrez appeals his conviction and 70–month sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court deprived him of due process by imposing a sentence greater than Section 1326(a)'s two-year maximum based on Roman–Gutierrez's prior aggravated felony, where he did not admit to having previously committed an aggravated felony. He also contends that the district court erred in imposing a 16–level enhancement to his sentence because his 1994 assault conviction was not considered an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2) at the time of its commission.

Roman–Gutierrez, who states that he presents the issues merely to preserve them in the event of ensuing favorable Supreme Court precedent, acknowledges that his arguments are foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001), and *United States v. Maria–Gonzalez*, 268 F.3d 664, 669 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1382, 152 L.Ed.2d 373 (2002).

Accordingly, the judgment and sentence are

**AFFIRMED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).