**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Humberto GARCIA–BENAVIDES,**
**aka Mario Benavides–Murio,**
**Defendant—Appellant.**

No. 01–50556.

D.C. No. CR–01–00272–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2002.*

Decided Oct. 16, 2002.

Before PREGERSON, RYMER, and
McKEOWN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument.  *See*  Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Humberto Garcia–Benavides appeals his conviction for being found in the United States after previously being deported, in violation of 8 U.S.C. § 1326(a). We affirm.

Garcia–Benavides argues that the district court erred when it instructed the jury on the "official restraint" doctrine. We review de novo the district court's instructions to the jury to determine whether they misstated elements of 8 U.S.C. § 1326 and whether they adequately presented Garcia–Benavides' proffered defense. *See United States v. Patterson,* 292 F.3d 615, 629–30 (9th Cir.2002). Any failure by the district court to properly instruct the jury on an element of the offense is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1197 (9th Cir.2000) (en banc) (internal quotation omitted).

The district court correctly instructed the jury that, in order for Garcia–Benavides to be deemed not to have yet entered the United States, he must be under official restraint "at all times" during and subsequent to his crossing the border. Under the official restraint doctrine, an alien may not be found to have entered the United States within the meaning of 8 U.S.C. § 1326(a)(2) if he was under "continuous" observation after having crossed the border. *United States v. Gonzalez–Torres,* 273 F.3d 1181, 1186 (9th Cir.2001).

It was not improper for the district court to instruct the jury that constant observation and surveillance "by a law enforcement officer who's reasonably able to apprehend the alien" constitutes official restraint. An alien is not under official restraint when he is "not in the visual or physical grasp of the authorities at all times." *United States v. Pacheco–Medina,* 212 F.3d 1162, 1165 (9th Cir.2000); *see also United States v. Ramos–Godinez,* 273 F.3d 820, 823 (9th Cir.2001) (stating that to be free from official restraint, "an alien must not only have crossed our border, but must be exercising his free will while physically present in this country.") (internal quotation omitted). The district court's language accurately recites this standard and does not, as Garcia–Benavides contends, impermissibly narrow the scope of the official restraint doctrine.

Moreover, it was not error to instruct the jury that, in determining whether Garcia–Benavides was under official restraint, it could consider such factors as the distance the aliens traveled into the United States, the distance the authorities were from the aliens at the time of surveillance, and the characteristics of the area in which the aliens crossed the border. *See, e.g., United States v. Hernandez–Herrera,* 273 F.3d 1213, 1219 (9th Cir.2001); *United States v. Castellanos–Garcia,* 270 F.3d 773, 776 (9th Cir.2001); *Pacheco–Medina,* 212 F.3d at 1163.

■ The district court erred, however, by instructing the jury that it "may" consider whether Garcia–Benavides was under surveillance and whether this surveillance was continuous. Whether an alien was under "continuous" or "constant" observation after crossing the border into the United States is central to establishing official restraint when the alien is not in the border patrol's physical custody. *See Gonzalez–Torres,* 273 F.3d at 1186; *United States v. Ruiz–Lopez,* 234 F.3d 445, 448 (9th Cir.2000). There was, however, considerable evidence that Garcia–Benavides

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**688**

was not under continuous surveillance. The border patrol agents received three separate calls separated by several hours and attended to duties unrelated to Garcia–Benavides in the time between calls. Nothing suggests that any other law enforcement agency was continuously tracking Garcia–Benavides and his counterparts, or that border patrol agents were regularly communicating with a particular officer or law enforcement agency. Thus, the jury would have reached the same conclusion regardless of the error in the instruction.

Garcia–Benavides contends that the indictment should have been dismissed because it failed to allege a voluntary entry into the United States. An indictment for illegal reentry, however, need not allege voluntary reentry. *United States v. Parga–Rosas*, 238 F.3d 1209, 1213 (9th Cir. 2001). Garcia–Benavides also maintains that the indictment was defective because it failed to allege "knowledge." However, 8 U.S.C. § 1326 is a general intent crime. *Pena–Cabanillas v. United States*, 394 F.2d 785, 789–90 (9th Cir.1968); *see also United States v. Leon–Leon*, 35 F.3d 1428, 1432–33 (9th Cir.1994) (reaffirming *Pena–Cabanillas*). The government is only obliged to prove voluntariness with regard to the actus reus: entering or being found in the United States. The government was not required to allege knowledge in the indictment.

Garcia–Benavides argues that the district court erred in concluding that his 1989 conviction under California Health and Safety Code § 11351 qualified as an aggravated felony. He contends, and the government concedes, that § 11351 encom-

passes a broader range of conduct than provided for in the Controlled Substances Act, 21 U.S.C. § 801 et seq. However, in cases where the statute of conviction " 'reaches both conduct that would [be punishable under the Controlled Substances Act] and conduct that would not,' we may examine 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes.' " *United States v. Arellano–Torres*, 303 F.3d 1173 (9th Cir.2002) (quoting *United States v. Rivera–Sanchez*, 247 F.3d 905, 907–08 (9th Cir.2001) (en banc)).[1]

Based on documents submitted by the government relating to his 1989 conviction, the district court found that Garcia–Benavides had committed an aggravated felony. The felony complaint, when considered in conjunction with the other documents, establishes that Garcia–Benavides was convicted for possession of heroin with purposes of sale in violation of § 11351.

We have previously rejected Garcia–Benavides' argument that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) limits *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) to the specific facts of that case. *See United States v. Maria–Gonzalez*, 268 F.3d 664, 670–71 (9th Cir.2001) (citing other cases holding the same).

**AFFIRMED.**

---

1. Garcia–Benavides argues that this second-stage analysis pursuant to *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), is impermissible in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120

S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have reaffirmed the validity of that analysis in *Rivera–Sanchez*, 247 F.3d at 908, and subsequent cases.