**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Baltazar GODOY–AGUIRRE,**
**Defendant–Appellant.**

No. 01–50546.

D.C. No. CR–00–01263–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2002.*

Decided Oct. 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, RYMER, and
McKEOWN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Baltazar Godoy–Aguirre appeals his conviction and sentence for reentering the United States after deportation in violation of 8 U.S.C. § 1326(a). We affirm.

Godoy–Aguirre argues that count one of the indictment, which was for attempted reentry, failed to allege the existence of specific intent. He first challenged the indictment on this basis several months after his trial had concluded. We review an untimely challenge to the indictment under the plain error standard. *United States v. Leos–Maldonado,* 302 F.3d 1061 (9th Cir.2002). Godoy–Aguirre does not argue that he was prejudiced by the indictment's omission or that the error affected his substantial rights, nor does the record so reflect. In fact, Godoy–Aguirre's counsel argued to the jury that his client did not have the intent necessary to commit attempted reentry. No relief is warranted.

Godoy–Aguirre also contends that his 70–month sentence was erroneous because the basis for increasing it beyond the two-year statutory maximum contained in 8 U.S.C. § 1326(a) was the trial judge's determination that Godoy–Aguirre had previously committed aggravated felonies.

Godoy–Aguirre urges the panel to read *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as limiting *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), to the specific facts of that case. The Ninth Circuit, however, has rejected Godoy–Aguirre's argument in several published opinions. *See, e.g., United States v. Maria–Gonzalez,* 268 F.3d 664, 670–71 (9th Cir.2001) (citing other cases holding the same).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, Godoy–Aguirre argues that the district court erred by admitting the testimony of an INS agent regarding the contents of an audio tape of Godoy–Aguirre's 1992 deportation proceedings. The agent testified that the tape contained statements by Godoy–Aguirre that he was a Mexican national, illegally entered the United States, and had no right to remain. Reversal on the basis of an erroneous evidentiary ruling requires a showing of prejudice. *Freeman v. Allstate Life Ins. Co.,* 253 F.3d 533, 536 (9th Cir.2001). Even if the testimony was hearsay, it was not prejudicial because there was other evidence adduced at trial demonstrating Godoy–Aguirre's alienage.

Godoy–Aguirre received a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (2000) which, at the time, provided for such enhancement where the defendant was previously deported after having been convicted of an aggravated felony. Godoy–Aguirre argues that the first of his two state law convictions was not an aggravated felony because it occurred in 1984, well before the Immigration Act of 1990 expanded the definition of "aggravated felony" to include robbery crimes like the one for which Godoy–Aguirre was convicted in 1984. Pub.L. 101–649 (1990). Godoy–Aguirre's argument is undermined by the express terms of the current statute which provides that its definition of aggravated felony "applies regardless of whether the conviction was entered before, on, or after September 30, 1996." 8 U.S.C. § 1101(a)(43).

Godoy–Aguirre's second argument is that his 1995 conviction for felon in possession of a firearm does not count as an aggravated felony because he only received a three-year prison term. The relevant provision, § 1101(a)(43)(E)(ii), however, does not reference any minimum term of imprisonment that is necessary for such

a conviction to be an aggravated felony. *See also, United States v. Castillo–Rivera,* 244 F.3d 1020, 1021, 1024 & n. 5 (9th Cir.2001) (California felon in possession conviction that carried a one-year sentence deemed an aggravated felony).

AFFIRMED.