**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ruben CHAVEZ–IBARRA, aka Rulen**
**Chavez–Ibarra; aka Ruben Chavez;**
**Ruben Ibarra aka; Ruben Chavez Un-**
**known Defendant–Appellant.**

**No. 01–10371.**
**D.C. No. CR 99–447–PHX–ROS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 21, 2002.

Before BALDOCK,** KLEINFELD,
and RAWLINSON, Circuit Judges.

MEMORANDUM***

A jury convicted Defendant Ruben Chavez–Ibarra of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). The sentencing court enhanced Chavez–Ibarra's sentence under 8 U.S.C. § 1326(b)(2), finding Chavez–Ibarra's prior convictions for rape and assault with intent to rape qualified as aggravated felonies. The court sentenced Chavez–Ibarra to ninety-six months imprisonment. Chavez–Ibarra appeals. We have jurisdiction over the district court's final judgment under 28 U.S.C. § 1291. We affirm.

First, Chavez–Ibarra argues that because his prior convictions subject him to a sentence beyond the statutory maxi-

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* Honorable Bobby R. Baldock, Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

mum under § 1326(a), the convictions must be alleged in the indictment and submitted to the jury under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Chavez–Ibarra's argument is foreclosed by *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (finding district court properly enhances a defendant's sentence on the basis of prior aggravated felonies "even though [the defendant] did not admit to having committed them, and even though the government neither alleged them in the indictment nor proved them at trial beyond a reasonable doubt.") (citations omitted).

█ Chavez–Ibarra next contends that his prior convictions do not qualify as aggravated felonies subjecting him to the sentencing enhancement under § 1326(b)(2) because those crimes were not included within the definition of "aggravated felony" at the time of his 1991 convictions. Again, Chavez–Ibarra's argument is contrary to established precedent. We previously have held that the aggravated felony classification is made at the time of the reentry violation. *See United States v. Maria–Gonzalez,* 268 F.3d 664, 669–70 (9th Cir.2001). At the time Chavez–Ibarra illegally reentered the United States, rape was defined as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). Thus, the district court did not err by finding Chavez–Ibarra's prior convictions were aggravated felonies subjecting him to the sentencing enhancement.

Finally, Chavez–Ibarra summarily argues that the 1998 deportation relied upon in the indictment "was unlawful and the procedures by which [he] was removed did not comport with due process." Due to Chavez–Ibarra's summary and unsupported treatment of this claim, we decline to

* This panel unanimously finds this case suitable for decision without oral argument. See

consider it. *See* Fed. R.App. P. 28(a)(9) (appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

**AFFIRMED.**