**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50402 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00241-R-1 |
| v. | |
| JUAN PABLO DELGADO, AKA Juan Pablo Salcedo-Delgado, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 4, 2010
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and JONES[**], District
Judge.

Juan Pablo Delgado appeals his conviction and 55-month sentence for illegal

reentry into the United States after deportation, 8 U.S.C. § 1326, and for being an

---

[*]      This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[*]      The Honorable Robert C. Jones, United States District Judge for the District of
Nevada, sitting by designation.

alien or felon in possession of a firearm, 18 U.S.C. § 922(g)(1), (5)(A). On appeal, Delgado argues that the district court: (a) erred in convicting him under § 1326(b)(2) in addition to § 1326(a); (b) abused its discretion in denying his motion to continue the sentencing hearing so he could attempt to retain private counsel; and (c) plainly erred in assessing two additional criminal history points under § 4A1.1(d) of the Sentencing Guidelines.

**I.**

We review whether the district court properly entered judgment pursuant to both § 1326(a) and § 1326(b)(2) *de novo*. *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1061 (9th Cir. 2000).

Section 1326(a) defines the offense of illegal reentry and prescribes a maximum two-year sentence of imprisonment. 8 U.S.C. § 1326(a). Section 1326(b)(2) is a sentencing-enhancement provision that increases the maximum sentence under § 1326(a) to 20 years if the alien's removal was subsequent to conviction for an aggravated felony. 8 U.S.C. § 1326(b)(2); *United States v. Maria-Gonzalez*, 268 F.3d 664, 671 (9th Cir. 2001).

Here, the district court erred when it entered judgment against Delgado for a conviction under "Title 8 USC 1326(a)(b)(2)." Because Delgado should have been convicted under § 1326(a) only, we remand the case to the district court with

2

instructions to amend the judgment to reflect a conviction under § 1326(a) only. *See Maria-Gonzalez*, 268 F.3d at 671.

## II.

We review a district court's denial of a motion for continuance that arguably implicates a defendant's right to counsel for abuse of discretion. *United States v. Thompson*, 587 F.3d 1165, 1171 (9th Cir. 2009).

When exercising its discretion, the district court must consider the effect of its decision on the right to counsel. *United States v. Garrett*, 179 F.3d 1143, 1147 (9th Cir. 1999 )(en banc). The court "must balance several factors to determine if the denial was 'fair and reasonable.'" *Thompson*, 587 F.3d at 1174 (quoting *United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986)). These factors include: "[1] whether the continuance would inconvenience witnesses, the court, counsel, or the parties; [2] whether other continuances have been granted; [3] whether legitimate reasons exist for the delay; [4] whether the delay is the defendant's fault; and [5] whether a denial would prejudice the defendant." *Id.* When denying a continuance that arguably implicates the Sixth Amendment right to counsel, "the district court should summarize in the record its reasons for the denial." *Id.* (quoting *Garrett*, 179 F.3d at 1147).

Here, the district court sufficiently summarized on the record its reasons for denying the motion to continue the sentencing hearing. The district court stated that Delgado's request for time to retain private counsel was "too iffy" and noted that defense counsel was prepared. Therefore, the district court did not abuse its discretion in denying Delgado's request to continue.

### III.

Delgado disputes the assignment of two criminal history points under U.S.S.G. § 4A1.1(d) because he was subject to an outstanding probation violation warrant from California when he committed the instant offense. Because he did not raise this issue below, plain error review applies. To establish plain error, Delgado must show: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005)(en banc).

Section 4A1.1(d) adds two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d).

> For the purposes of § 4A1.1(d), a defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.

U.S.S.G. § 4A1.2(m). Generally, collateral attacks on prior state convictions or sentences are not permitted in federal sentencing proceedings. *United States v. Saya*, 247 F.3d 929, 940 (9th Cir. 2001); *see also* U.S.S.G. § 4A1.2, cmt. (n.6)

Here, Delgado does not dispute the existence of an outstanding California warrant at the time of the instant offense. Accordingly, we hold that the district did not plainly err when it assessed two criminal history points under U.S.S.G. § 4A1.1(d).

## IV.

Accordingly, we affirm Delgado's conviction and sentence but remand with instructions for the district court to amend the entry of judgment to eliminate reference to conviction under 8 U.S.C. § 1326(b)(2).

**AFFIRMED and REMANDED.**

5